United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE JONES.,

Plaintiff,

v.

GROUNDS, Warden, et al.,

Defendants.

Case No. 13-1049 WHO (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Docket No. 18

**INTRODUCTION**

In this federal civil rights action brought under 42 U.S.C. § 1983, plaintiff Andre Jones alleges that defendants Officers J. Childers, Officer Arvin, Registered Nurse Hall, Warden R. Grounds and Chief Medical Officer M.J. Chudy, employees of the Correctional State Prison ("CTF") in Soledad, where Jones is incarcerated, and defendant J. Walker, an employee of the California Department of Corrections and Rehabilitation ("CDCR") in Sacramento, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1] Defendants move for summary judgment. Jones has filed an opposition and defendants have filed a reply. For the reasons stated below, defendants'

[1] Jones's claims for denial of access to the courts and improper processing of his medical grievances were dismissed by the Court in its Order of Service. *See* Docket No. 3.

United States District Court
Northern District of California

motion for summary judgment is GRANTED.

## BACKGROUND

### I. Request for Gurney

The following facts are undisputed. On March 18, 2010, Jones told Officer Childers that he needed a gurney because he was experiencing pain in his leg. (Childers Dec. ¶ 2.) Officer Childers did not observe any indication that Jones was experiencing pain, from Jones's face, his voice, his gait or any other way. (*Id.* ¶ 3.) Officer Childers called a Medical Health Services nurse for a recommendation about how to proceed with Jones's request. (*Id.* ¶ 4.) The nurse recommended that Jones submit a completed Health Care Services Request ("HCSR") form. (*Id.* ¶ 5.) Officer Childers gave Jones a blank HCSR form and directed him to complete it and submit it by placing it in the box located near the medical clinic. (*Id.* ¶ 6.) Officer Childers observed Jones walk away from the living unit to go to the medical clinic and return several minutes later. (*Id.* ¶ 7.)

Jones heard Officer Childers tell the nurse that there was a "man down." (Opp. at 3.)[2] After Officer Childers spoke to the nurse, he hung up the phone and then he and Jones waited. (*Id.*) After a while, Officer Childers made a second phone call for a gurney. (*Id.*) Officer Childers tried to comfort Jones when he could not get a gurney. (Jones Dep. at 24.) That evening, Jones's legs gave out and a gurney was sent out to him at that time. (Opp. at 3.)

### II. Request for Two-Day Lay-In

On April 1, 2010, Nurse Hall saw Jones in the medical clinic for pain in his leg. (Hall Dec. ¶ 2.) At the end of the visit, Nurse Hall exercised her discretion and issued a "2-day lay-in" to Jones. (Hall Dec. ¶ 4.) The 2-day lay-in excused Jones from attending school for two days. (*Id.*)

The following facts are disputed. Jones's version of the facts is as follows. Jones

---

[2] Although Jones does not submit a declaration, his complaint and opposition are submitted under penalty of perjury and, therefore, statements in them made from his personal knowledge are admissible evidence.

inadvertently left his cane in the office where he had met with Nurse Hall. (Comp. ¶ 26.) After Jones left the medical clinic, he asked Officer Arvin, who was the door officer at the infirmary, if he could return to get his cane. (*Id.*)[3] Officer Arvin then went off to speak to Nurse Hall. (Comp. ¶ 26; Jones Dep. at 32.) After a few minutes, Nurse Hall walked up to Jones, asked to see his two-day lay-in and tore it up after Jones handed it to her. (Comp. ¶ 26; Jones Dep. at 32, 36.) Jones did not hear what Officer Arvin said to Nurse Hall. (*Id.* at 35.) Despite the fact that Jones did not have a two-day lay-in, his teacher excused him from school for two days. (Jones Dep. at 39.) Jones received the renewed approval for his cane later that evening. (Opp. at 5.)

Nurse Hall states that, at her appointment with Jones on April 1, 2010, because of Jones's complaints about pain, she issued him a two-day lay-in. (Hall Dec. ¶ 4.) She states that she did not see Jones after he left the medical clinic and did not retrieve or destroy his two-day lay-in. (*Id.* ¶ 6.) She states that she would have no reason to destroy or cancel his two-day lay-in immediately after issuing it. (*Id.*)

Officer Arvin states that she does not recall Jones or his visit to the medical clinic on April 1, 2010. (Arvin Dec. ¶ 2.) She also states that she is not a medical professional, she has never been involved in providing healthcare to an inmate and never had authority over Nurse Hall. (*Id.* ¶¶ 3-4.)

**III. Letters to Warden Grounds**

Jones states that he wrote two letters to defendant Warden Grounds, dated March 28, 2010 and April 24, 2010, about the situation with the gurney and Nurse Hall's rescinding the two-day lay-in, but he never received a reply or acknowledgment from Warden Grounds. (Comp. ¶ 24, 30; Opp. at 6, Exs. A7, B5.) Warden Grounds states that he does not recall receiving any letters from Jones and that his normal practice for handling such letters from inmates was to delegate those matters to his Chief Deputy Warden for follow-up. (Grounds Dec. ¶ 4.) Warden Grounds states that, if the inmate

---

[3] At his deposition, Jones stated that he had to return to the clinic to renew the approval for his cane and he told this to Officer Arvin. (Jones Dep. at 32.)

matter involved medical care, the Chief Deputy Warden likely would have delegated it to the Associate Warden overseeing health care to ensure that the complaint was properly processed. (*Id.*) Jones's medical records indicate that, in the two months after he sent Warden Grounds the two letters, he was seen and treated many times by medical professionals. (Kwong Dec., Ex. B.)

**IV. Allegations Against Defendants Chudy and Walker**

The only allegation against Dr. M.J. Chudy, CTF Chief Medical Officer, is that he partially granted, at the second level of review, Jones's appeal against Officer Childers about the gurney. (Comp. ¶ 21.) The only allegations against J. Walker, Chief California Health Care Services/Office of Third Level Health Care Appeals, are that he denied Jones's appeal about the gurney, (Comp. ¶ 23), he denied Jones's appeal about his appeals being impeded, (Comp. ¶¶ 31-32), and he screened out Jones's appeal about the two-day lay-in. (Comp. ¶ 36.)

**DISCUSSION**

**I. Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence

to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party; if, as to any given fact, evidence produced by the moving party conflicts with evidence produced by the non-moving party, the court must assume the truth of the evidence set forth by the non-moving party with respect to that fact. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

## II. Claims

Jones claims that Officer Childers was deliberately indifferent to Jones's serious medical need for a gurney because Officer Childers did not try hard enough to obtain a gurney for him. Jones claims that Nurse Hall and Officer Arvin were deliberately indifferent to his serious medical needs for a two-day lay-in and a cane. Jones claims that Warden Grounds was deliberately indifferent to his serious medical needs because he never responded to Jones's letters regarding his grievances about the gurney and the two-day lay-in. Finally, Jones claims that defendants Chudy and Walker were deliberately indifferent to his serious medical needs because they denied his administrative appeals about the gurney and the two-day lay-in.

### A. Legal Standard for Deliberate Indifference to Serious Medical Need

A determination of "deliberate indifference" involves an examination of two

elements: (1) the seriousness of the prisoner's medical needs, and (2) the nature of the defendant's response to those needs. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds by, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)). Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *McGuckin*, 974 F.2d at 1060; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)(the harm need not be substantial, although substantial harm would provide additional support for the showing of deliberate indifference). Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials have provided medical care. *McGuckin*, 974 F.2d at 1062.

**B. Claim Against Officer Childers**

Jones does not submit evidence of a serious medical need. However, defendants submit Jones's medical records which indicate that he suffers from degenerative disk disease of the lumbar spine with radiculopathy to the left lower extremity and probable degenerative disk disease of the cervical spine with radiculopathy to the right upper extremity. Motion, Ex B at 2. Defendants do not argue that these conditions are not serious medical needs; their argument focuses on the second requirement to prove deliberate indifference— whether they knew of Jones's serious medical needs and denied, delayed or intentionally interfered with his medical treatment for those needs.

The undisputed evidence regarding Officer Childers is that, upon hearing Jones's request for a gurney because he was in pain, Officer Childers contacted a Health Services nurse for a recommendation about how to deal with Jones's request. The nurse recommended that Officer Childers direct Jones to submit a HCSR for a gurney. Officer Childers gave Jones a blank HCSR form and directed him to complete it and submit it in the box located near the medical clinic. Officer Childers contacted the nurse a second time. (Opp. at 3.) Officer Childers tried to comfort Jones when he was unable to get the gurney. (Jones Dep. at 24.)

At his deposition, Jones stated that Officer Childers did everything he could to get a gurney for him. (Jones Dep. at 25.) However, in his opposition, Jones claims that Officer Childers should have insisted that the nurse send a gurney and that his failure to persist shows that he had "a lack of concern for plaintiff's condition." (Opp. at 3.)

The undisputed evidence shows that Officer Childers took reasonable measures to respond to Jones's request for medical care. Because he is not a medical professional, Officer Childers called the medical clinic for advice regarding how to respond to Jones's complaints of pain and request for a gurney. He followed the advice he received by providing Jones with a blank HCSR form and then showing him how and where to submit it. Officer Childers tried to comfort Jones when he was unable to obtain the gurney immediately. These actions demonstrate Officer Childers' concern for Jones's medical health and condition rather than a lack of concern, as Jones argues. Furthermore, a lack of concern for Plaintiff's condition is not the state of mind necessary to show deliberate indifference, which is equated with criminal recklessness. *See Farmer*, 511 U.S. at 837. Because Jones fails to raise a disputed issue of material fact that Officer Childers knew that there was a substantial risk of serious harm to Jones and that he intentionally disregarded that risk by failing to take reasonable steps to abate it, summary judgment is granted in favor of Officer Childers on this claim.

**C. Claim Against Nurse Hall**

Jones claims that Nurse Hall was deliberately indifferent to his serious need to be

excused from school for two days by first granting a two-day lay-in and then rescinding it. On a motion for summary judgment, the disputed evidence must be viewed in a light most favorable to Jones. Therefore, the Court considers as true Jones's evidence that Nurse Hall first granted him the lay-in and then rescinded it. However, the undisputed evidence shows that, even though Jones did not have Nurse Hall's two-day lay-in, Jones's teacher excused him from school for two days. Thus, Jones suffered no injury as a result of Nurse Hall's rescinding the lay-in. *See Jett*, 439 F.3d at 1096 (harm must result from defendant's indifference). Because Jones did not suffer any harm as a result of Nurse Hall's actions, his claim against her for deliberate indifference to his serious medical need fails. Furthermore, this one act by Nurse Hall is insufficient to demonstrate the criminal recklessness necessary to establish deliberate indifference. Summary judgment on this claim is granted in favor of Nurse Hall.

**D. Claim Against Officer Arvin**

Jones claims that Officer Arvin "may have in fact had an influence upon defendant Hall's decision to tear plaintiff's lay-in slip up, and had indeed obstructed plaintiff from having a much needed chrono for his cane renewed." (Opp. at 5.) However, at his deposition, Jones admitted that he did not hear Officer Arvin speak to Nurse Hall about his lay-in and that he did not know if Officer Arvin caused Nurse Hall to rescind his lay-in. (Jones Dep. at 35-36.) This evidence fails to show that Officer Arvin was deliberately indifferent to Jones's serious medical needs. First, Jones's evidence fails to show that Officer Arvin influenced Nurse Hall to rescind Jones's two-day lay-in. If anything, the undisputed fact that Officer Arvin had no authority over Nurse Hall establishes that, if Nurse Hall rescinded the lay-in, she was solely responsible for that decision. Second, any action taken by Officer Arvin did not harm Jones because it is undisputed that Jones's teacher excused him from attending school even without the lay-in and that Jones received renewed approval for his cane that evening. (Opp. at 5.)

Therefore, Jones fails to raise a disputed issue of material fact that Officer Arvin was deliberately indifferent to his serious medical needs. Accordingly, summary judgment

on this claim is granted in favor of Officer Arvin.

**E. Claim Against Warden Grounds**

Jones claims that Warden Grounds was deliberately indifferent to his serious medical needs because he never responded to Jones's letters regarding his claims about the gurney and the two-day lay-in. (Opp. at 5-6.) Jones does not dispute that Warden Grounds routes letters such as his to the proper subordinate, but, citing *Jett v. Penner*, 439 F.3d at 1098, Jones claims that he was entitled to a response from the warden's office. (Opp. at 6.)

In *Jett*, the Ninth Circuit held that the plaintiff raised an inference at the summary judgment stage that the warden received letters that the plaintiff swore he sent to him and that the warden could be deliberately indifferent if he knowingly failed to respond to an inmate's request for help in obtaining treatment for a serious medical condition. *Id.* However, *Jett* is distinguishable from this case. In *Jett*, the plaintiff fractured his right thumb and submitted evidence demonstrating a triable issue of fact as to whether medical professionals were deliberately indifferent to his serious medical need to have the thumb set and placed in a permanent cast. *Id.* at 1093. The plaintiff had sent letters addressed to the warden advising of his fractured thumb and the need to see an orthopedist and the warden denied receiving the letters and did not respond to the plaintiff. *Id.*

In this case, although Jones may have written to Warden Grounds about the denial of a gurney and the two-day lay-in, by the time Warden Grounds received these letters, Jones had already been provided with a gurney and had received permission to be absent from school for two-days. Thus, unlike the medical needs of the plaintiff in *Jett*, the medical needs Jones presented to Warden Grounds were not present or ongoing and, thus, Warden Grounds could do nothing more to remedy the two situations. Furthermore, after Jones sent his letters to Warden Grounds, he received medical treatment from a variety of medical professionals. (Kwong Dec., Ex. B (Jones's medical records for April, May 2010)). Therefore, unlike the plaintiff in *Jett*, Jones's ongoing medical needs were not ignored. Furthermore, as discussed above, Jones has not raised a disputed issue of material

fact that Officer Childers, Officer Arvin and Nurse Hall were deliberately indifferent to his serious medical needs. Therefore, Warden Grounds' lack of response regarding these claims likewise would not rise to the level of deliberate indifference to Jones's serious medical needs.

For all these reasons, Jones has failed to raise a disputed issue of material fact that Warden Grounds was deliberately indifferent to Jones's serious medical needs. Summary judgment is granted in favor of Warden Grounds.

**F. Claims Against Defendants Chudy and Walker**

Jones bases his claims against defendants Chudy and Walker on the fact that they did not grant his administrative appeals of the denial of a gurney and the two-day lay-in. However, as discussed in the Court's Order of Service, a prison official's involvement in the review and resolution of inmate grievances, without more, is not actionable under § 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (inmates lack constitutional entitlement to a specific prison grievance procedure; therefore, no constitutional violation based on processing of internal prison appeals). Accordingly, Jones' claims against defendants Chudy and Walker based on the denial of internal prison grievances are not cognizable. Summary judgment is granted in favor of defendants Chudy and Walker on this claim.

**III Qualified Immunity**

As an alternative matter, defendants argue that they are entitled to summary judgment on the grounds of qualified immunity. "Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). The issue of qualified immunity generally entails a two-step process, which requires the court to first determine whether the defendant violated a constitutional right, and then to determine whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court modified the *Saucier* test and "gave courts discretion to grant

qualified immunity on the basis of the 'clearly established' prong alone, without deciding in the first instance whether any right had been violated." *James v. Rowlands*, 606 F.3d 646, 650-51 (9th Cir. 2010) (discussing *Saucier* standard after *Pearson*). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier*, 533 U.S. at 202; *see, e.g., Estate of Ford v. Caden*, 301 F.3d 1043, 1049-50 (9th Cir. 2002) (court may grant qualified immunity by viewing all of the facts most favorably to plaintiff and then finding that under those facts the defendants could reasonably believe they were not violating the law).

The Court has concluded above that there was no constitutional violation pertaining to Jones's due process claim. Thus, on these facts, viewed in the light most favorable to Jones, defendants prevail as a matter of law on their qualified immunity defense because the record establishes no due process violation. *See Harlow*, 457 U.S. at 818. However, even if a constitutional violation had occurred with respect to Jones's claim, in light of clearly established principles at the time of the incident, defendants could have reasonably believed their conduct was lawful.

A reasonable officer in Officer Childers's position would not have known that calling a nurse regarding Jones's request for a gurney, helping Jones follow the nurse's directions about getting a gurney and comforting Jones when a gurney did not come immediately was unlawful. A reasonable nurse in Nurse Hall's position would not have known that rescinding the two-day lay-off would constitute deliberate indifference to Jones's serious medical needs. With respect to Officer Arvin, Jones has not submitted evidence showing she did anything adverse to him. A reasonable warden in Warden Grounds's position would not have known that it was unlawful not to respond to Jones's' letters about his medical situations which had been resolved. Finally, Jones's allegations that Chudy and Walker failed to process his grievances fail to state a cognizable claim.

Accordingly, defendants also are entitled to summary judgment based on qualified immunity.

United States District Court
Northern District of California

## CONCLUSION

Jones having failed to show that there are triable issues of material fact as to any of his claims, defendants' motion for summary judgment (Docket No. 18) is GRANTED as to all claims against defendants Officer Childers, Officer Arvin, Warden Grounds, Nurse Hall, Dr. Chudy and J. Walker.

The Clerk shall enter judgment in favor of all defendants as to all claims, terminate Docket No. 18, and close the file.

**IT IS SO ORDERED.**

**Dated:** April 15, 2014



WILLIAM H. ORRICK
United States District Judge

P:\PRO-SE\WHO\CR 13\Jones v Grounds 13-1049MSJ.rmh.docx

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANDRE JONES,

Plaintiff,

v.

GROUNDS et al,

Defendant.
_____________________________________/

Case Number: CV13-01049 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 15, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Andre Jones J-41371
CDCR ZW-236L
P.O. Box 689
Soledad, CA 93960-0689

Dated: April 15, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk